IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSUE EMMANUEL MARTINEZ,        ) | |
| ID # 43980-177,                            ) | |
| Movant,             ) | |
| ) | No. 3:21-CV-563-L-BH |
| vs.                                                       ) | No. 3:17-CR-545-L(1) |
| ) | |
| UNITED STATES OF AMERICA,      ) | |
| Respondent.       ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion To Enter an Order of Concession*, received on March 25, 2022 (doc. 8), should be liberally construed as a motion for entry of default judgment and **DENIED**.

**I.     BACKGROUND**

Federal prisoner Josue Emmanuel Martinez (Movant) filed a motion to vacate sentence under 28 U.S.C. § 2255 challenging his federal conviction and sentence in case No. 3:17-CR-545-L that was received on March 9, 2021.  (*See* doc. 2.) The respondent, the United States of America (Government), was ordered to respond to the motion by order dated March 12, 2021.  (*See* doc. 4.) It failed to timely respond, but ultimately filed a motion on December 17, 2021, seeking an extension of time to file its answer by February 15, 2022. (*See* doc. 5.) Its motion was granted on December 20, 2021, and it was given a deadline of February 15, 2022, to file its response. (*See* doc. 6.) The Government again failed to respond, and has filed nothing since.

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

Movant now seeks "an order of concession" based on the failure to timely file an answer or otherwise respond and requests that his § 2255 motion be granted. (*See* doc. 8.) His *pro se* motion for entry of judgment based on a failure to answer may be liberally construed as seeking entry of default judgment against the Government under Fed. R. Civ. P. 55.

## II.     DEFAULT

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the United States Attorney's Office was served electronically on March 12, 2021, and it was ordered to file an answer or response to the § 2255 motion within sixty days. (*See* doc. 4.) It failed to timely respond, but on December 17, 2021, it moved for an additional sixty days to file a response. (*See* doc. 5.) The motion was granted on December 20, 2021, and the Government was given until February 15, 2022, to file a response. (*See* doc. 6.) It has therefore not failed to otherwise defend this action for purposes of Rule 55. Movant has not established default, and no entry of default been entered by the Clerk, so he has not met the first two requirements for entry of a default judgment.

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276). In addition, Rule 55(d) provides that a default judgment may be entered against the United States only if the claimant "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Movant's motion for entry of judgment does not make this showing. *See also Gray v. United States*, No. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *2 n. 1 (W.D. Tex. July 23, 2019) (noting that even if the Government did not file a response, the court would still have to assess the merits of the § 2255 motion and find a sufficient basis for entry of judgment). Entry of default judgment in this case is not appropriate.

### III.   RECOMMENDATION

The motion for an order of concession should be liberally construed as a motion for entry of default judgment and **DENIED**.

**SO RECOMMENDED on this 29th day of March, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE