## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOSUE EMMANUEL MARTINEZ,** | ) | |
| **ID # 43980-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:21-CV-563-L-BH** |
| **vs.** | ) | **No. 3:17-CR-545-L(1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on March 9, 2021 (doc. 2), should be **DENIED** with prejudice.

### I.        BACKGROUND

Josue Emmanuel Martinez (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-545-L(1). The respondent is the United States of America (Government).

### A.    <u>Conviction and Sentencing</u>

On October 24, 2017, while on supervised release for a 2012 federal conviction, Movant was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (*See* doc. 1.)[2] The predicate drug trafficking crime under Count Three was the possession with

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-545-L(1).

intent to distribute offense charged in Count Two. (*See id.* at 2-3.) Movant pled guilty to all three counts of the indictment on April 24, 2018. (*See* doc. 19.)

In support of his plea, he submitted a factual resume that set out the elements and penalties the Court could impose for each count. (*See* doc. 17 at 2-5.) In it, Movant agreed that he understood the nature and elements of the offenses to which he was pleading guilty, and that the stipulated facts in the factual resume were true and would be submitted as evidence. (*See id.* at 6-8.) He had discussed the federal sentencing guidelines with counsel, and he understood his sentence would be imposed by the Court after consideration of the applicable statutes, and the non-binding sentencing guidelines and sentencing factors under 18 U.S.C. § 3553(a). (*See id.* at 5, 8.) He also agreed that he understood his rights to plead not guilty to the charged offenses, to have a speedy trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself; he waived these rights and conceded he was guilty of all three counts of the indictment. (*See id.* at 6, 8.) He retained all of his rights to appeal. (*See id.* at 9.)

At his re-arraignment on April 24, 2018, Movant acknowledged under oath that he had fully read and discussed the factual resume with counsel, he understood everything stated in the factual resume, the stipulated facts were true and correct, and he understood and had committed each of the essential elements of the charged offenses. (*See* doc. 38 at 8-9, 13-14.) He was advised that the sentencing guidelines were advisory and the Court was not required to follow them, and he affirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case; he understood that he should not depend or rely on any statement or assurance by anyone as to what sentence he would receive because only the Court could make that decision. (*See id.* at 5-6.) He also understood that the Court alone would determine his sentence after consideration of

the sentencing guidelines, a Presentence Investigation Report (PSR) that could include facts not contained in his factual resume or exclude facts that were recited there, any objections to the PSR, and evidence presented at the sentencing hearing. (*See id.* at 6-7.) He understood that if his sentence was higher than he expected, he would still be bound by his guilty plea. (*See id.* at 13.) Movant pled guilty to all three counts of the indictment, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 13-15; docs. 21, 23.)

On July 20, 2018, the United States Probation Office (USPO) prepared a PSR in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 26-1 at ¶ 24.) The PSR grouped Count One and Count Two together and calculated a base offense level of 20 under U.S.S.G. § 2K2.1, the applicable guideline for 18 U.S.C. §§ 922(g)(1) and 924(a)(2) offenses. (*See id.* at ¶¶ 26, 28.) Four total levels were added because of the number of firearms possessed and because three of the firearms were stolen, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. (*See id.* at ¶¶ 29-30, 37-39.) The PSR indicated that the mandatory minimum consecutive penalty required by § 924(c) for Count Three was 60 months' imprisonment. (*See id.* at ¶ 40.) Based on a total offense level of 21 and a criminal history category of VI, the guideline imprisonment range was 77 to 96 months for Counts One and Two. (*See id.* at ¶ 90.) Count Three required a consecutive term of imprisonment of 60 months. (*See id.*) Movant objected to the PSR on grounds that did not impact the sentencing guideline range, and in a supplement to the PSR submitted by the USPO on August 10, 2018, his objection was accepted. (*See* docs. 28, 29-1.)

At the sentencing hearing on September 24, 2018, counsel argued for a sentence below the advisory guideline range, or that Movant's sentence be ordered to run concurrently with the sentence imposed in the revocation proceedings pending in his separate federal criminal action,

Cause No. 3:12-CR-27-L(1) (N.D. Tex.). (*See* doc. 42 at 9-21.) By judgment dated September 26, 2018, Movant was sentenced to concurrent terms of 84 months' imprisonment as to Counts One and Two, and 60 months' imprisonment as to Count Three, to run consecutively to the sentences for Counts One and Two, for an aggregate term of 144 months' imprisonment. (*See* doc. 32 at 1-2.) His aggregate sentence was to run concurrently with any sentences imposed in seven state criminal cases and consecutive to the sentence imposed in his separate revocation proceeding, and to be followed by a three-year term of supervised release. (*See id.* at 2, 4.)

On appeal, Movant argued that the Court plainly erred in ordering his aggregate sentence to run consecutively to the pending revocation sentence relating to his 2012 federal conviction. *See United States v. Martinez*, 775 F. App'x 778, 779 (5th Cir. 2019). The Fifth Circuit affirmed the judgment on August 23, 2019. *See id.* The Supreme Court denied his petition for a writ of certiorari on March 30, 2020. *See Martinez v. United States*, 140 S. Ct. 2572 (2020).

**B.    <u>Substantive Claims</u>**

Movant asserts the following grounds for relief:

(1) Guilty Plea Violation/Ineffective Assistance Of Counsel;

(2) Ineffective Assistance Of Counsel In Count Two;

(3) Ineffective Assistance Of Counsel in Count Three; and

(4) Ineffective Assistance of Counsel on Direct Appeal.

(No. 3:21-CV-563-L-BH, doc. 2 at 4-8.)[3] The Government filed a response on April 1, 2022. (*See id.*, doc. 11.) Movant filed a reply on June 6, 2022. (*See id.*, doc. 15.)

---

[3] Because Movant's numbered grounds for relief overlap with one another and resolution of some grounds for relief may impact some of the remaining claims, they are considered in an order different than presented by Movant.

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that trial counsel and appellate counsel rendered ineffective assistance. (*See* No. 3:21-CV-563-L-BH, doc. 2 at 4-8.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective

assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Lucey*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have

prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

## A.    **Failure to Explain**

Movant contends that trial counsel "did not elucidate the 'mens rea' requirement of knowingly, intentionally, and unlawfully possessing a drug with ['intent to distribute']; and that Martinez knowingly possessed a firearm ['during and in furtherance'] of the commission of a drug trafficking offense as stated in Count Two of the Indictment." (No. 3:21-CV-563-L-BH, doc. 3 at 9 (brackets in original); *see also id.*, doc. 3 at 21; doc. 15 at 2.) He also contends that "trial counsel did not explain the modus operandi to Count Two and Three to which he was gaslighting [Movant] into pleading guilty." (*Id.*, doc. 3 at 9.) He claims that "only asserting the elements of the crimes and statutes broadly and vaguely does not mean that [Movant] was given true notice or that he was privy to the prohibited acts of violations", and that "he was not informed of specific elements in Count Two and Three and a possible defense to those counts." (*Id.*, doc. 3 at 9-10.) He also claims

7

he "could have negotiate [sic] with the government a guilty plea to Count Two for only possession of herion [sic], which is not a drug trafficking crime that reaches conduct for a § 924(c)(1)(A) violation." (*Id.*; *see also id.*, doc. 15 at 2.) "[H]ad trial counsel been forthcoming about a possible defense, the true nature of the charge and its mens rea requirement, he would of [sic] not plead [sic] guilty to a charge he did not commit." (*Id.*, doc. 3 at 17.)

Even assuming for purposes of this motion only that counsel rendered deficient performance in explaining or informing Movant about Counts Two and Three as alleged, *Strickland* also requires a showing of resulting prejudice. Movant offers only conclusory, self-serving allegations of prejudice unsupported by the record. (*See id.*, doc. 3 at 10, 17; doc. 15 at 2.) A court should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial—if he had been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions."). Further, Movant provides no facts or evidence to show that the Government was willing to negotiate and would have agreed to allow him to plead guilty to an offense in Count Two "for only possession of herion [sic]," which he then argues would not have allowed for the charge under § 924(c)(1)(A) in Count Three.[4] (No. 3:21-CV-563-L-BH, doc. 3 at 10.)

---

[4] In his *post hoc* assertions that he would have proceeded to trial absent counsel's alleged deficiencies and "had nothing to loose [sic] in putting the government to proof [sic] its case before a jury," Movant ignores the loss of his deductions for acceptance of responsibility and any additional sentencing exposure he might have faced if the Government had elected to pursue additional charges against him and/or continued its investigation of him in anticipation of trial and he was convicted. (No. 3:21-CV-563-L-BH, doc. 3 at 18; *see also id.*, doc. 3 at 17; doc. 15 at 7.)

Because Movant offers nothing beyond conclusory and *post hoc* allegations of prejudice to support his claim, he has failed to show a reasonable probability that absent counsel's alleged deficiencies, he would not have pled guilty and would have insisted on proceeding to trial, or he would have negotiated a plea agreement with the Government. He has failed to satisfy the prejudice prong of *Strickland*, and the claim should be denied.

## B.    <u>Failure to Investigate and Object</u>

Movant contends that contends that counsel was ineffective because he failed "to investigate any possible defense" and "forewent an investigation on [any] line of defense against the government's voracious allegations of Possession with Intent to Distribute." (No. 3:21-CV-563-L-BH, doc. 3 at 8, 16 (brackets in original).) He also contends that "trial counsel was ineffective because he fail [sic] to object to the factual conduct admitted by him, and for allowing the court to take the guilty plea." (*Id.*, doc. 3 at 8.) He "argues that trial counsel's first obligation was to find out what [Movant's] position was on the alleged crime," and that counsel "deliberately fail [sic] to advocate on [Movant's] behalf when he agreed with the government's theory and the charges brought against him." (*Id.*, doc. 3 at 7-8.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal, that "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of

prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Movant appears to argue that counsel should have investigated and challenged Count Two on the basis that the quantity of heroin that was seized during his arrest on August 9, 2017, "was for personal use and the charge for count two was only possession of a control [sic] substance." (No. 3:21-CV-563-L-BH, doc. 3 at 2; *see also id.*, doc. 3 at 19.) He alleges that he told counsel on multiple occasions that the heroin found when he was arrested was for his personal use. (*See id.*, doc. 3 at 15-16, 18; *id.*, doc. 15 at 4-5.) According to Movant, "[h]ad counsel investigate [sic] [his] allegation that the herion [sic] found was for personal use, counsel would of [sic] found that [Movant] was having problems staying drug free," which "was enough evidence to substantiate [his] allegation of personal use and these [sic] evidence would have question [sic] the government's charge." (*Id.*, doc. 3 at 19.) He also argues that "if counsel would of [sic] challenge [sic] count two for possession only, count three would not pertain to [Movant] because possession is not a drug trafficking crime for purpose of 18 USC § 924(c), Elements lacking[ ]"; he alleges that "his criminal conduct (of August 9, 2017) did not aline [sic] with the statutory language of [Count Three]." (*Id.*, doc. 3 at 2-3, 23; *see also id.*, doc. 3 at 20.) He alleges that trial counsel's "inept proclaimation that the [only] possible defense Martinez had, that he was 'in the wrong place at the wrong time . . . and it seemed the only possible defense' is a reasonable probability to undermine the outcome of the case." (*Id.*, doc. 3 at 18 (errors and bracketed language in original); *see also id.*, doc. 3 at 9; doc. 15 at 3.)

Even assuming for purposes of this motion only that counsel rendered deficient performance by failing to further investigate and challenge Counts Two and Three based on

Movant's claims that the heroin found at the time of his arrest was for his personal use, as alleged, *Strickland* also requires a showing of resulting prejudice. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Here, Movant has not shown prejudice. The record shows that Count Two charged Movant under §§ 841(a)(1) and (b)(1)(C) with knowingly and intentionally possessing with intent to distribute heroin on or about August 9, 2017; Count Three charged him under § 924(c)(1)(A) with possession of firearms in furtherance of the offense set out in Count Two. (*See* doc. 1 at 2-3.) According to the PSR, law enforcement learned through a confidential informant (CI) that Movant was an active heroin distributor. (*See* doc. 26-1 at ¶¶ 8-9.) During the first week of August 2017, the CI purchased a user quantity of heroin from Movant at law enforcement's direction. (*See id.* at ¶ 10.) A search warrant was then executed at Movant's residence on August 9, 2017, during which, in addition to 1.14 grams of heroin, law enforcement found five digital scales, material frequently used for packaging of narcotics, two weights commonly used to check a scale's accuracy, $6,999 in currency, several loaded firearms, and hundreds of rounds of ammunition. (*See id.* at ¶¶ 12-14.) The PSR sets forth offense conduct sufficient to show that Movant committed the drug trafficking offense set forth in Count Two under §§ 841(a)(1) and (b)(1)(C).[5] *See, e.g.*, *United States v. Choulat*, 75 F.4th 489, 492-93 (5th Cir. 2023) ("We have repeatedly affirmed district courts' findings of drug trafficking where the defendants possessed small amounts of drugs. And here, [the defendant] possessed small quantities of [controlled substances] along with drug paraphernalia

---

[5] A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (citation and internal quotation marks omitted). Here, Movant has not provided any rebuttal evidence, aside from unsubstantiated allegations, demonstrating that the information in the PSR was "materially untrue, inaccurate, or unreliable." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (citation and internal quotation marks omitted).

and a gun." (footnote omitted)). Based on Movant's offense conduct and because his § 841 offense qualifies as a predicate drug trafficking crime for purposes of § 924(c)(1)(A), the record also supports his conviction for possession of a firearm in furtherance of a drug trafficking crime in Count Three.[6] *See* 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . .").

Given this record, although Movant claims that the heroin underlying Count Two was for his personal use, he has not shown a reasonable probability that but for counsel's alleged deficiency in failing to further investigate or object on this basis, the result of the proceedings would have been different. *See, e.g.*, *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir 1999) ("the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."). Nor are his *post hoc* assertions that he would not have pled guilty absent counsel's alleged deficiencies sufficient to satisfy his burden under *Strickland*. *See Lee*, 137 S. Ct. at 1967; *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Accordingly, he is not entitled to § 2255 relief on his claim, and it should be denied.

---

[6] To the extent Movant argues that "there is no credible information that [Movant] used or carried a firearm during and in relation to the August 9, 2017 incident, which is the underlying crime," his claim is without merit. (No. 3:21-CV-563-L-BH, doc. 3 at 24-25.) He was not charged with or convicted of using or carrying a firearm during and in relation to a drug trafficking offense. (*See* docs. 1, 32.) Rather, he was charged and convicted of possession of a firearm in furtherance of a drug trafficking offense. (*See id.*) As discussed, the undisputed record shows that Movant was an active heroin dealer, and multiple loaded firearms were seized from his residence on August 9, 2017, along with heroin, cash, and drug paraphernalia; aside from conclusory allegations, Movant has not provided any rebuttal evidence. (*See* doc. 26-1 at ¶¶ 8-9, 12-14.) He has not satisfied his burden under *Strickland* to show deficient performance and resulting prejudice based on counsel's alleged ineffectiveness in challenging Count Three on this basis. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). His claim should therefore be denied for this additional reason.

C.    **Appeal Proceedings**

Movant contends that appellate counsel was ineffective because he failed "to appeal [Movant's] case under the Supreme Court's decision in *Rehaif v. United States*[, 139 S. Ct. 2191 (2019)], even after [Movant] plead [sic] that he look [sic] into the matter[.]" (No. 3:21-CV-563-L-BH, doc. 3 at 3; *see also id.*, doc. 2 at 8; doc. 3 at 26-29.) According to Movant, "Count One would not be applicable to [Movant], and [Movant's] supervise [sic] release revocation case would of [sic] also be [sic] subjected to dismissal." (*Id.*, doc. 3 at 3.)  He argues that the Government "failed to prove that [Movant] knew he was a prohibited person barred from possessing a firearm in this case." (*Id.*, doc. 3 at 27.)

*1.   Underlying Criminal Case*

In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In the underlying criminal case, Movant was convicted under § 922(g)(1), which provides:

It shall be unlawful for any person –

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). In his § 2255 filings, Movant does not specifically allege either that he did not know that he possessed a firearm or that he did not know his felony status. Even assuming for purposes of this motion that he had alleged lack of knowledge of both elements, the allegations are refuted by the record.

In his factual resume, Movant admitted that "on or about August 9, 2017, . . .having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly and unlawfully possessed a firearm, . . . which had previously been shipped and transported in interstate and foreign commerce . . .." (doc. 17 at 7.)  The PSR showed that Movant had been convicted of a prior federal felony in Cause No. 3:12-CR-27-L(1) for which he received a sentence longer than one year and for which he was on supervised release at the time of the underlying offenses; he also had been previously convicted of a state felony punishable by more than one year of imprisonment, for which he also received a sentence longer than one year. (*See* doc. 26-1 at ¶¶ 9, 49-50, 52.) Movant did not dispute the fact of his prior federal and state convictions. Further, in support of his guilty plea in Cause No. 3:12-CR-27-L(1), Movant agreed in a factual resume that he understood his offense in that case was a felony and his conviction would deprive him of the right to possess a firearm. (No. 3:12-CR-27-L(1), doc. 16 at 3.) At his re-arraignment in the underlying criminal case, Movant admitted to the Court under oath that he knowingly possessed a firearm, and that before he possessed the firearm, a court had convicted him of a crime punishable by imprisonment for a term in excess of one year, i.e., a felony. (*See* doc. 38 at 8-9.)

Movant has not alleged facts or evidence showing that he did not know that he possessed a firearm, or that he did not know his felony status when he possessed the firearm; nor has he shown that the Government failed to prove his knowledge for purposes of *Rehaif*. His conclusory statements are insufficient to warrant § 2255 relief. *Ross*, 694 F.2d at 1011; *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). He therefore has failed to establish any merit to a claim under *Rehaif*.  Because appellate counsel is not deficient for failing to raise a meritless claim, he fails to

satisfy his burden under the first prong of *Strickland*. *See Phillips*, 210 F.3d at 348 (holding that counsel is not deficient for failing to present meritless claims on appeal).

Movant also fails to allege and show *Strickland* prejudice, i.e., a reasonable probability that he would have prevailed on his appeal had appellate counsel raised a claim under *Rehaif* on appeal. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) ("demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'"); *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018) ("Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments.") (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). He has failed to satisfy both *Strickland* prongs, and he is therefore not entitled to § 2255 relief on this claim. The claim should be denied.

### 2. Revocation Proceedings

As noted, Movant appears to argue that appellate counsel was ineffective for failing to raise a *Rehaif* claim on appeal in the revocation proceedings relating to Cause No. 3:12-CR-27-L(1). (*See* No. 3:21-CV-563-L-BH, doc. 2 at 8; doc. 3 at 3, 19, 26-27.) In this § 2255 action, Movant identifies only his conviction in the underlying criminal proceeding, Cause No. 3:17-CR-545-L(1), as the conviction he is challenging. (*See* No. 3:21-CV-563-L-BH, doc. 2 at 1.) Because he did not indicate that he was challenging any judgment of conviction in Cause No. 3:12-CR-27-L(1), any such claims should not be considered.

Even if his claims relating to the revocation proceedings in Cause No. 3:12-CR-27-L(1) are considered in an abundance of caution, however, they are barred by the applicable statute of limitations.[7] Assuming for purposes of this motion only that *Rehaif* was applicable to Movant's

---

[7] Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It

judgment of conviction in the revocation proceedings relating to his 2012 criminal case, he must

have filed a § 2255 motion challenging his revocation sentence within one year of the *Rehaif*

decision, which was issued on June 21, 2019. *See* 28 U.S.C. § 2255(f)(3). He did not challenge it

until March 2021, almost nine months after his period of limitations expired on June 21, 2020.

(*See* No. 3:21-CV-563, doc. 2 at 8; No. 3:12-CR-27-L(1), doc. 63.) He also provides no bases for

equitable tolling or applicable exception to the limitations period. To the extent any claims relating

to the revocation proceedings in Cause No. 3:12-CR-27-L(1) are considered, they should be denied

as barred by the statute of limitations.

## IV.    INVOLUNTARINESS OF PLEA

Movant contends that "his guilty plea was not knowingly [sic], intelligently [sic] and

voluntary." (No. 3:21-CV-563-L-BH, doc. 2 at 4.) He "accuses trial counsel of gaslighting and

coercing him to plea negotiate to a plea agreement that oblitered [sic] or abolished all defenses to

the alleged crimes." (*Id.*, doc. 3 at 10.) He argues that "it is appalling and lunacy that [a] defendant

is gaslighted, trick, and coerce into accepting as true a plea agreement, which is constructed by the

---

states that:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental
>> action in violation of the Constitution or laws of the United States is removed, if
>> the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme
>> Court, if that right has been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could
>> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Movant did not appeal the revocation judgment, it became final under § 2255(f)(1) on
October 10, 2018, when the fourteen-day period for appealing a criminal judgment expired. *See* Fed. R. App. P.
4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment).

government, with built-in admissions and waivers . . ." (*Id.*, doc. 3 at 12 (errors and bracketed language in original).) He claims that "[u]tilizing Machiavellian tactics and unbeknownst to [Movant] trial counsel purposefully fail [sic] to explain the built-in admissions and waivers." (*Id.*) According to Movant, "it was impossible for him to have made an intelligent and voluntary choice when he had no idea to the built-in admissions in the plea agreement." (*Id.*, doc. 3 at 12-13.) He also claims he "was given [a] script to follow during the plea colloquy". (*Id.*, doc. 3 at 13 (brackets in original).)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)) (internal quotation marks omitted). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and

intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced

to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, Movant's allegations that he was "gaslighted" and "coerced" into pleading guilty to the indictment are contradicted by the record. It shows that Movant signed the factual resume stating that he thoroughly reviewed his constitutional rights, the facts of his case, the elements and penalties of the charged offenses, and the sentencing guidelines with counsel, conceded he was guilty of all three counts of the indictment, and concluded it was in his best interests to plead guilty. (*See* doc. 17 at 8.) At his re-arraignment, he testified under oath that he understood and committed each of the essential elements of the charged offenses, he had fully read, discussed with counsel, and understood everything in the factual resume before he signed it, and all of the facts recited in the factual resume were true and correct. (*See* doc. 38 at 8-9, 13-14.) After being advised that his plea must not be prompted or induced by any promises, pressure, threats, force, or coercion of any kind, Movant swore to the Court that no one in any way tried to make him or get him to plead guilty. (*See id.* at 9-10.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "official records are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge*, 431 U.S. at 74. His contemporaneous factual resume and sworn statements before the Court contradict his allegations that he was gaslighted or coerced by counsel into pleading guilty. Further, his conclusory assertions are not evidence of gaslighting, coercion, or lack of awareness of the consequences of pleading guilty; to the extent his assertions rely on the merits of his claims of ineffective assistance of counsel, Movant has failed to show that he is entitled to relief on those grounds for the reasons discussed. Accordingly, Movant has not shown that his guilty plea was involuntary or that he was unaware of the consequences of pleading guilty. He is not entitled to relief on this claim, and it should be denied.[8]

## V.    COURT ERROR

In connection with his *Rehaif* allegations, Movant contends that "the Indictment[s] failed to stipulate all the required elements to the crime and that it was structural error/defect for the district court to accept his plea of guilt." (No. 3:21-CV-563-L-BH, doc. 3 at 28.) To the extent his allegation can be liberally construed as an independent ground for relief, it is addressed.

The Fifth Circuit has held that because a guilty plea necessarily "admits all the elements of a formal criminal charge," it "waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir. 1982); *see also Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open

---

[8] In his § 2255 filings, Movant alleges that "a plea agreement was entered between [Movant] and the government," which was "constructed by government . . .." (No. 3:21-CV-563-L-BH, doc. 3 at 6,12; *see also id.*, doc. 3 at 7, 13.) The record shows that there was no plea agreement between the parties in this case, however, and Movant provides no evidence to show otherwise. (*See* doc. 17 at 1, 9, & n.1; doc. 26-1 at ¶ 91; doc. 38 at 10.) Although Movant submitted a factual resume to support his guilty plea, the record shows that the Government was not a party to the factual resume. (*See* doc. 17 at 1, 9.) Accordingly, to the extent Movant's challenge to the voluntariness of his guilty plea is premised on the alleged existence of a plea agreement with the Government, his claim is without merit and should be denied on this additional ground.

court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). As discussed, Movant's guilty plea to the three counts of the indictment was knowing and voluntary, so he waived his claim challenging the indictment. *See United States v. Cotton*, 535 U.S. 625 630-31 (2002) (stating that defects in the indictment are not jurisdictional because they "do not deprive a court of its power to adjudicate a case."); *United States v. Jacquez-Beltran*, 326 F.3d 661, 662 (5th Cir. 2003) ("[D]efects in an indictment due to the failure to allege an element of the offense are not jurisdictional.") Because his knowing and voluntary guilty plea waived his challenge to the indictment, he is not entitled to § 2255 relief on this claim.

Notwithstanding the waiver, Movant's claim fails. The Fifth Circuit has rejected the argument that *Rehaif* errors are structural errors, and therefore "post-judgment relief is not available unless Movant shows that he was prejudiced by the error," i.e., that his substantial rights were affected. *Morgan v. USA*, No. 5:21-CV-00085-RWS-JBB, 2023 WL 4703331, at *1 (E.D. Tex. July 24, 2023); *see also United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020) ("[D]efendants must show that any error under *Rehaif* actually prejudiced the outcome."). An error that affects a movant's "'substantial rights'. . . generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer*, 141 S. Ct. at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018)). As discussed, the record shows that Movant had at least two prior felony convictions and was serving a term of federal supervised release on one of them at the time he committed the charged offenses. (*See* doc. 26-1 at ¶¶ 9, 49-50, 52.) Movant has provided no facts or evidence demonstrating that he was unaware of his felon status, and nothing in the record suggests that he

was unaware. He therefore fails to show prejudice warranting § 2255 relief, and the claim should be denied.

## VI.  EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claims. (*See* No. 3:21-CV-563-L-BH, doc. 15 at 6.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on March 9, 2021 (doc. 2), should be **DENIED** with prejudice. Any claims challenging the revocation judgment in Cause No. 3:12-CR-27-L(1) should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 6th day of November, 2023.**

*Irma Carrillo Ramirez*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

22

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE