IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSUE EMMANUEL MARTINEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-563-L-BH** |
| | § | Criminal No. 3:17-CR-545-L-1 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

On November 6, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17) was entered, recommending that the court deny with prejudice Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2) and dismiss with prejudice his four habeas claims,[1] based on the alleged ineffective assistance of trial and appellate counsel, because Petitioner failed to satisfy both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). In addition, the magistrate judge determined that Petitioner's habeas claim based on the voluntariness of his guilty plea failed because he has not shown that his guilty plea was involuntary or that he was unaware of the consequences of pleading guilty.

Petitioner filed objections to the Report (Doc. 21) in which he asserts his disagreement with the magistrate judge's determinations. Specifically, with respect to his first claim, he disagrees that he has not established prejudice. He also disagrees that he has only offered conclusory, self-serving allegations of prejudice. For support, he cites to extensive legal authority

---

[1] Petitioner's four ineffective assistance of counsel claims are based on counsel's alleged: (1) failure to explain the *mens rea* element of offense; (2) failure to investigate possible defenses; and (3) failure to appeal based on the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

**Memorandum Opinion and Order – Page 1**

and contends that, "even undisputed guilty have a Sixth Amendment right," and "[t]he paramount importance of vigorous representation follows from the nature of our adversarial system of justice." Obj. 4. The court agrees with the magistrate judge that Petitioner's assertions of prejudice are conclusory and unsupported. Further, his legalistic objection is insufficient to establish prejudice. While Petitioner also continues to maintain that trial counsel was ineffective for failing to explain an element of the offense, this does not address the magistrate judge's determination regarding the prejudice prong of *Strickland*.

Regarding his second claim, Petitioner again disagrees with the magistrate judge's determination that he failed to show that he was prejudiced as required by *Strickland*. He similarly contends with respect to this claim, that he had an "unalienable right under the Sixth Amendment to have his case fully investigated." Obj. 9. This objection fails for the same reason his objection regarding his first claim fails, as it does not provide anything other than a conclusory, legalistic argument that does not address the magistrate judge's lack of prejudice determination.

Regarding his claim based on the voluntariness of his guilty plea, the magistrate judge determined that Petitioner's *Rehaif* argument: (1) failed with respect to his underlying criminal conviction because he had not satisfied both *Strickland* prongs; and (2) failed with respect to his revocation because it was barred by the statute of limitations, and he had not provided any basis for equitable tolling. Petitioner objects to the magistrate judge's *Strickland* determination, contending that the Government failed to prove that he is a prohibited person for purposes of 18 U.S.C. § 922(g)(1). This argument, however, does not resolve the deficiency identified by the magistrate judge.

In addition, he contends for the first time that he was actually innocent of the offense because he had a right to possess a firearm under *New York State Rifle & Pistol Association,*

*Incorporated v. Bruen*, 142 S. Ct. 2111 (2022).  Petitioner appears to argue that, as a result of *Bruen* and the new test adopted by the Supreme Court in that case, § 922(g)(1) violates the Second Amendment.  No argument based on *Bruen* was not previously presented to the magistrate judge. Even assuming that this argument was not waived by failure to present it to the magistrate judge, it fails for other reasons. Petitioner's reliance on *Bruen* does not relieve him of satisfying *Strickland*'s requirements, and his assertion of actual innocence based on *Bruen* and *Rehaif* is conclusory and not supported by any facts or evidence.  Additionally, *Bruen* did not involve a challenge to 18 U.S.C. § 922(g)(1), and the Fifth Circuit has consistently upheld the constitutionality of § 922(g)(1).[2] Thus, based on binding Fifth Circuit and Supreme Court precedent, the court disagrees that § 922(g)(1) violates the Second Amendment.

Finally, Petitioner "objects to the Report's conclusion regarding his guilty plea" and asserts that he "stands on his claims that trial counsel gas-lighted him and coerced him."  Obj. 13. He further asserts that, "because he is factually and actually innocent of his 18 U.S.C. § 922(g)(1) conviction, his plea of guilty should not stand."  *Id*.  Like Petitioner's other objections, this argument is conclusory and unsupported, and the court determines that the magistrate judge's determination as to this and Petitioner's other claims is correct.  Additionally, the Fifth Circuit has consistently upheld the constitutionality of 18 U.S.C. § 922(g)(1).

---

[2] In *United States v. Darrington*, the Fifth Circuit observed that "legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment." 351 F.3d 632, 634 (5th Cir. 2003). It thus held that "Section 922(g)(1) [did] not violate the Second Amendment." *Id.* (citing *United States v. Emerson*, 270 F.3d 203, 226 n.21 (5th Cir. 2001)). In *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009), the Fifth Circuit considered whether its holding in *Darrington* survived the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which invalidated the District of Columbia's ban on individuals possessing handguns in their homes. Relying on *Heller*'s reasoning that "'nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons,'" the Fifth Circuit in *Anderson* "reaffirm[ed] *Darrington* and the constitutionality of § 922(g)." *Anderson*, 559 F.3d at 352 & n.6 (quoting *Heller*, 554 U.S. at 626).  In *United States v. Scroggins*, the Fifth Circuit once again reaffirmed *Darrington* and *Anderson* and reiterated "that criminal prohibitions on felons (violent or nonviolent) possessing firearms" did not violate the Second Amendment. 599 F.3d 433, 451 (5th Cir. 2010).

Thus, having considered Petitioner's habeas corpus petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **overrules** Petitioner's objections.  Accordingly, the court **denies** Petitioner's habeas petition (Doc. 2); and **dismisses with prejudice** this action and all claims asserted by Petitioner.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 21st day of December, 2023.

Sam A. Lindsay
United States District Judge